# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIAM MALONE COLETTE MARTINEZ,**

        **Plaintiff,**

**-vs-**                           **Case No. 6:11-cv-1212-Orl-22DAB**

**YOUNG C. HALL, MARTHA LEE LOMBARDY, ANNA ARRIAGE,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration of Plaintiff Mariam Malone Colette Martinez's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2), filed on July 21, 2011. United States Magistrate Judge David A. Baker submitted a Report and Recommendation ("R & R") (Doc. No. 5) recommending that Plaintiff's Motion be denied and Plaintiff's complaint (Doc. No. 1) be dismissed with prejudice. For reasons discussed blow, the Court agrees with the Magistrate Judge's ultimate disposition of the case in that Plaintiff's Motion for Leave to Proceed In Forma Pauperis is denied and her complaint is dismissed with prejudice.

## I. Background

Plaintiff filed a complaint against several Defendants, including two Orlando Police Officers, Young C. Hall ("Hall") and Anna Arriage ("Arriage"),[1] and an Assistant City Attorney for the City of Orlando, Martha Lee Lombardy ("Lombardy"). (Doc. No. 1 at 1). The Complaint alleges several counts, including "hostage taking" in violation of 18 U.S.C. § 1203, "malicious persecution" [sic] and abuse of process in violation of 28 U.S.C § 2680 [sic], and "emotional detriment." (*Id.* at 3-4). Plaintiff's claims arise out of her arrest on August 29, 2008 following her non-payment of a cab fee and subsequent 9 days spent in jail.[2] (*Id.* at 1). Plaintiff now seeks "compensatory restitution, for punitive damages" in the sum of $3 million. (*Id.* at 5).

Though her complaint is largely incomprehensible, Plaintiff alleges in that pleading that she attempted to pay for a cab ride with an American Express Pre-Paid Credit Card that was subsequently declined. (*Id.* at 1). Plaintiff states that when approached by "the arresting officer," she presented a copy of the two credit cards and receipts showing the cards contained sufficient funds. *Id.* Plaintiff claims that Hall and Arriage refused to accept the "funds," and told her to "beg" for money. (*Id.* at 2). Plaintiff states that she refused to "beg" for money because she had proof that she possessed "funds." (*Id.*). Plaintiff alleges that she was then arrested illegally and confined for 9 days. (*Id.* at 1-2). Plaintiff further alleges that because of the arrest, she lost 9 days of "legal moral pay." (*Id.* at 2). The Complaint alleges that the arrest amounted to hostage taking. (*Id.*). Plaintiff apparently bases her claim against Lombardy on the belief that Lombardy was responsible for Case No. 6:09-cv-802-Orl-28DAB being dismissed. (*Id.* at 4). Plaintiff

---

[1] Plaintiff named both Hall and Arriage as defendants, but throughout much of the complaint Plaintiff makes only generic allegations against a single unspecified "arresting officer." (Doc. No. 1).

[2] Though Plaintiff does not specifically state in her Complaint that the arrest was for non-payment of a cab fee, her complaint in Case No. 6:09-cv-802-Orl-28DAB articulates this fact.

claims that Lombardy lied to this Court when Lombardy stated that she could not contact Plaintiff and that Plaintiff refused to give an address in Tampa. (*Id.*).

In recommending that the undersigned judge deny Plaintiff's motion and dismiss Plaintiff's claim with prejudice, the Magistrate Judge noted in the R&R that Plaintiff has alleged the same set of facts in prior cases filed in this Court. (Doc. No. 5 at 3). *See* Case Nos. 6:09-cv-802-Orl-28DAB (complaint dismissed without prejudice); 6:09-cv-2080-Orl-22GJK (dismissal with prejudice); and 6:09-cv-1723-Orl-22GJK (dismissal with prejudice). As the Magistrate Judge also noted in the R&R, Plaintiff incorporates Case No. 09-cv-802 into her instant complaint. (Doc. No. 5) (referring to Doc. No. 1). In 9-802, Plaintiff sued Hall, Arriage and several other Defendants alleging several counts, including false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. (Doc. No. 12 in 9-802). Ultimately, 9-802 was dismissed without prejudice for failure to prosecute. (Doc. No. 71 in 9-802). In Case No. 09-cv-2080, Plaintiff sued only Hall for violation of her Fourth Amendment rights. (Doc. No. 1 in 9-2080). Because 9-2080 stemmed from the same set of facts as those forming the basis for Plaintiff's claims in 9-802, the Court dismissed 9-2080 with prejudice. (Doc. No. 7 in 9-2080). In Case No. 09-cv-1723, Plaintiff did not sue any of the Defendants named in the instant case, but this Court held that Plaintiff did not present an actionable federal claim and that *sua sponte* dismissal was warranted. (Doc. No. 17 in 9-1723). This Court also noted that the claims in 9-1723 were the exact claims raised in 9-802. (*Id.*).

In the R&R in the present case, the Magistrate Judge stated that the Court may dismiss a case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." (Doc. No. 5 at 1) (citing 28 U.S.C. § 1915(e)(2)). The Magistrate Judge also stated that a district court may dismiss a complaint under Section 1915 on

grounds of frivolousness if an affirmative defense would defeat the action. (Doc. No. 5 at 2) (citing *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640, n.2 (11th Cir. 1990)). The Magistrate Judge identified res judicata and collateral estoppel as affirmative defenses that would justify dismissal of a claim as frivolous. (Doc. No. 5 at 3) (citing *Clark*, 915 F.2d at 641). The Magistrate Judge then found that res judicata and collateral estoppel act as affirmative defenses justifying dismissal of Plaintiff's instant claims. (Doc. No. 5 at 3).

## II. Analysis

### A. Jurisdiction to Review the Magistrate's R&R

In response to the Magistrate's R&R, Plaintiff filed a "Motion to Appeal" (Doc. No. 7) seeking to "appeal the issue to the 11th Judicial Circuit Court of Appeals." (*Id.* at 1). Document Number 7 was docketed as a Notice of Interlocutory Appeal pursuant to 28 U.S.C. § 1291. The clerk treated it as a direct appeal to the Eleventh Circuit and transmitted an initial appeal package to that Court.

#### 1. Direct Appeal Under 28 U.S.C. § 1291

To the extent that Document Number 7 is construed as a direct appeal, the appeal was premature and did not divest the Court of jurisdiction over the case. In *Perez-Priego v. Alachua County Clerk of Court*, 148 F.3d 1272 (11th Cir. 1998), the Court of Appeals for the Eleventh Circuit held that because a magistrate's report and recommendation had not been adopted by the district court at the time a notice of appeal was filed, the report and recommendation was not final and appealable. *Id.* at 1273. Thus, the Court dismissed the appeal for lack of jurisdiction. *Id.* Furthermore, a premature notice of appeal does not divest a district court of jurisdiction over a case. *United States v. Kapelushnik*, 306 F.3d 1090, 1094 (11th Cir. 2002) (citing *United States*

*v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979) (en banc)[3], superseded by statute on other grounds as recognized in *United States v. Martinez*, 763 F.2d 1297, 1308, n.11 (11th Cir. 1985)).

Therefore, because the Court had not adopted the Magistrate's R&R (Doc. No. 5) before Plaintiff filed a Motion to Appeal (Doc. No. 7) the R&R, the Motion to Appeal was premature as a direct appeal and did not divest the Court of jurisdiction over the case.

Consistent with this approach, on October 24, 2011, the Eleventh Circuit dismissed the appeal for lack of jurisdiction. (Doc. No. 8).

### 2. Motion for Permission to Appeal Under 28 U.S.C. § 1292(b)

Alternatively, if Document Number 7 is considered a motion for permission to appeal pursuant to 28 U.S.C. § 1292(b), the Court finds that the motion fails to meet the plain text of the statute and therefore declines to certify the motion for interlocutory appeal. Section 1292(b) states that an appeal of a non-final order may be permitted should a district court certify in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b) (West 2011). Thus, three factors must be considered in deciding if an order qualifies for interlocutory appeal: (1) whether a "controlling question of law" is at issue; (2) whether there is a "substantial ground for difference of opinion"; and (3) whether an appeal from the order "may materially advance the ultimate termination of the litigation." *Id.* Plaintiff did not address any of these factors in her motion to appeal and instead restated factual allegations raised in her complaint. *See* (Doc. No. 7). Regardless, the order (R&R) does not involve "a controlling question of law as to which there

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

is substantial ground for difference of opinion." 28 U.S.C.A. § 1292(b) (West 2011). Furthermore, permitting Plaintiff to seek an interlocutory appeal would not "materially advance the ultimate termination of the litigation" because the R&R already recommends that Plaintiff's motion to proceed in forma pauperis be denied and her complaint be dismissed, thereby terminating the litigation. *Id.* As a result, insofar as Document Number 7 seeks permission to appeal pursuant to 28 U.S.C. § 1292(b), the Court will decline to certify Plaintiff's motion for appeal.

### B. Doctrines of Collateral Estoppel and Res Judicata

The Magistrate Judge's R&R recommended that Plaintiff's motion to proceed in forma pauperis be denied and her complaint be dismissed due to affirmative defenses of res judicata and collateral estoppel. (Doc. No. 5 at 3). However, application of the requirements of both res judicata and collateral estoppel to Plaintiff's previous claims is potentially problematic. Under Eleventh Circuit precedent, one element for application of res judicata is that there must have been a final judgment on the merits in a prior case in order for that decision to bar a subsequent suit. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). In Case No. 6:09-cv-2080-Orl-22GJK, a question exists as to whether or not a final judgment on the merits was reached. Before collateral estoppel can be applied to bar an issue of fact or law from being litigated in a suit, the issue must have been actually litigated in a prior suit. *I.A. Durbin, Inc.*, 793 F.2d at 1549. In Case Nos. 6:09-cv-802-Orl-28DAB, 6:09-cv-2080-Orl-22GJK and 6:09-cv-1723-Orl-22GJK, an issue exists regarding whether or not the issues of fact or law in those cases were actually litigated for purposes of an application of collateral estoppel in the instant case. Regardless, the Court finds it unnecessary to determine the application of either res judicata or collateral estoppel to the instant case because Plaintiff's Motion for Leave to Proceed In Forma

Pauperis must be denied and her complaint dismissed with prejudice for the independent reasons discussed below.

### C. Plaintiff's Motion to Proceed In Forma Pauperis is Denied and Her Complaint Dismissed for Failure to State a Claim

In reviewing a civil complaint filed in forma pauperis, the Court must dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C.A. § 1915 (West 2011).[4] The mandatory language of Section 1915 applies to all proceedings in forma pauperis and provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2) (West 2011).

Furthermore, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

### 1. Count I

Count I of Plaintiff's complaint is titled "Hostage Taking" and alleges a violation of 18 U.S.C. § 1203(a) arising from what she asserts was an unlawful arrest on August 29, 2008. (Doc. No. 1 at 3). The language of Section 1203(a) provides:

---

[4] Title 28, United States Code, Section 1915(a)(1) requires the Court to screen only prisoners' complaints. Regardless, the Court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

> Except as provided in subsection (b) of this section, whoever, whether inside or outside the United States, seizes or detains and threatens to kill, to injure, or to continue to detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained, or attempts or conspires to do so, shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C.A. § 1203(a) (West 2011).

Section 1203 is a criminal statute whose terms do not offer a civil remedy for a violation thereof. Nevertheless, Plaintiff requests restitution in the amount of $3,000,000. Therefore, under *Gross*, the Court finds that Plaintiff's claim of Hostage Taking is indisputably meritless and furthermore requires dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

### 2. Count II

Count II of Plaintiff's complaint is titled "Malicious Persecution [sic]" and "Abuse of Process." (Doc. No. 1 at 4). Plaintiff cites 28 U.S.C. §2680(a) and 28 U.S.C. §2680(b), both of which list exceptions to Chapter 171, Tort Claims Procedure. 28 U.S.C.A. §2680(a)-(b) (West 2011). Plaintiff appears to pursue Count II under the Federal Tort Claims Act. However, Chapter 171 only applies to the United States, federal employees and federal agencies, not state employees or state agencies. 28 U.S.C.A. §2671, §2674 (West 2011). Thus, no section of Chapter 171 of Title 28 of the United States Code is applicable to Plaintiff's complaint. Therefore, like Count I, the Court finds that under *Gross*, Count II of Plaintiff's complaint is indisputably meritless and furthermore requires dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

### 3. Count III

Count III of Plaintiff's complaint is titled "Emotional Detriment." (Doc. No. 1 at 4). Plaintiff cites multiple Florida Statutes, all of which are criminal statutes that offer no civil remedy. (*Id.*) (*See* §§ 838.022, 838.016, 837.02, and 837.05 Fla. Stat. (2010)). However, in the interest of thoroughness, the Court will examine whether a civil remedy could exist under Chapter 772, Florida Statutes, which is titled "Civil Remedies for Criminal Practices Act." Fla. Stat. § 772.101 (2010). Under Fla. Stat. § 772.102(1)(a), crimes chargeable under Chapter 837 (relating to perjury) and 838 (relating to bribery) are listed as having possible civil remedies. In order to bring a successful claim under Chapter 772, a pattern of criminal activity stemming from an enterprise must be established. Fla. Stat. §§ 772.103, 772.104 (2010). A pattern of criminal activity means "engaging in at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents." Fla. Stat. § 772.102(4) (2010). An enterprise includes, *inter alia*, individuals and governmental entities. Fla. Stat. § 772.102(3) (2010). Plaintiff failed to allege that any of the Defendants were engaged in a pattern of criminal activity or an enterprise. Thus, Plaintiff failed to state a cognizable claim under Chapter 772, Florida Statutes. Plaintiff also failed to cite a federal statute authorizing a cause of action for "emotional detriment," nor is it readily apparent such a statute (or case law) exists. Thus, as with the previous two counts, the Court will dismiss Count III pursuant to 28 U.S.C. § 1915(e)(2) because it is indisputably meritless and fails to state a claim on which relief may be granted.

### IV. Conclusion

The Court agrees with the R&R's recommendation that Plaintiff's motion to proceed in forma pauperis be denied and her complaint be dismissed for failure to state a claim on which

relief may be granted. The Court finds that Plaintiff has failed to present an actionable federal claim and thus dismissal of her complaint is required under 28 U.S.C. §1915(e)(2). Additionally, the Court denies Plaintiff's "Motion to Appeal" insofar as it seeks permission to pursue an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's Report and Recommendation (Doc. No. 5), filed on July 28, 2011, is **APPROVED AND ADOPTED** insofar as it recommends denial of Plaintiff's motion to proceed in forma pauperis and dismissal of Plaintiff's complaint, with prejudice.

2. Plaintiff Mariam Malone Colette Martinez's "Motion to Appeal" (Doc. No. 7), filed on September 1, 2011, is **DENIED** insofar as it seeks permission to appeal pursuant to 28 U.S.C. § 1292(b).

3. Plaintiff Mariam Malone Colette Martinez's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2), filed on July 21, 2011, is **DENIED**.

4. Plaintiff Mariam Malone Colette Martinez's Complaint (Doc. No. 1), filed on July 21, 2011, is **DISMISSED WITH PREJUDICE**.

5. The Clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 13, 2011.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party